IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

CHARLES DERRICK KELLER, )
)
                Petitioner, )
)
vs. ) Case No. CIV-11-209-JHP
)
STATE OF OKLAHOMA, )
)
                Respondent. )

## OPINION AND ORDER

On June 14, 2011, petitioner, a federal inmate appearing *pro se*, filed a Petition for Writ of Habeas Corpus (Dkt. # 1), pursuant to 28 U.S.C. § 2254. Petitioner identifies the three convictions which he is challenging as being entered in Sequoyah County District Court, Case Nos. CF-2000-139; CF-2001-0089 and CF-2001-133. In response to the petition, respondent State of Oklahoma filed a motion to dismiss (Dkt. # 7), asserting that petitioner is not currently in custody of any state agency, officer, employee or agent for the State of Oklahoma and, therefore, venue is not proper to challenge petitioner's federal custody in Illinois. Alternatively and to the extent petitioner states a cause of action under 28 U.S.C. § 2241, respondent argues this claim is not cognizable in this court. For the reasons discussed below, the Court finds it lacks jurisdiction to consider petitioner's claims and, therefore, the petition for writ of habeas corpus should be dismissed.

Petitioner prepared his petition using the form petition for relief under 28 U.S.C. § 2254 as authority for the relief he requests. However, petitioner is not in custody pursuant

to the judgment of a state court. Rather, petitioner is in federal custody in Illinois for a conviction arising in the United States District Court for the Southern District of Illinois. Furthermore, even if petitioner's current federal sentence was "enhanced" by the three state convictions which he challenges, a § 2241 petition filed in the Eastern District of Oklahoma is not the appropriate vehicle for this challenge because petitioner is not in custody of the State of Oklahoma nor is he confined in the State of Oklahoma.

This Court has jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Supreme Court has interpreted this statute as requiring that a habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989).

To the extent petitioner challenges the enhancement of his federal sentence as a result of the state convictions, a § 2241 petition filed in the Eastern District of Oklahoma is not the appropriate method. A petition under § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined. *United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir. 1986). Whereas, a 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Thus, if petitioner wants to challenge

the enhancement of his federal sentence by the state court convictions, the proper vehicle for him to do so is a § 2255 petition filed in the Southern District of Illinois.[1]

For the foregoing reasons, Respondent's Motion to Dismiss (Dkt. # 7) is hereby **GRANTED**; the Petitioner's Petition for Writ of Habeas Corpus (Dkt. # 1) is hereby **DENIED**, and this action is, in all respects dismissed.  Additionally, pursuant to Rule 11 of the Rules Governing Section 2254 cases, this Court hereby denies a certificate of appealability.  The Clerk is hereby directed to enter a separate judgment in this matter.

**IT IS SO ORDERED** this  22nd  day of December, 2011.

James H. Payne
United States District Judge
Eastern District of Oklahoma

---

[1] The exhibits filed herein establish that Petitioner has challenged his federal conviction in § 2255 action in the Southern District of Illinois and that his case is currently pending in the United States Court of Appeals for the Seventh Circuit. Thus, there is no reason for this Court to transfer this action pursuant to 28 U.S.C. § 1631.